IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 11-24075 |
| CENTURY PLAZA LLC, ) | Chapter 11 |
| an Indiana Limited Liability Company ) | Judge J. Philip Klingeberger |
| ) | |
| Debtor/Debtor-in-Possession. ) | |

### MOTION FOR AUTHORITY TO USE
### CASH COLLATERAL AND FOR RELATED RELIEF

CENTURY PLAZA LLC, an Indiana limited liability company, Debtor/Debtor-in-Possession herein, by and through its Attorneys, makes its Motion pursuant to Section 363 of the Bankruptcy Code and Rule 4001(b) of the Federal Rules of Bankruptcy Procedure For Authority to Use Cash Collateral and For Related Relief; and in support thereof, states as follows:

### Introduction

1. On October 18, 2011, the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code ("Petition Date").

2. The Debtor is operating its business and managing its financial affairs as Debtor in Possession. No trustee, examiner or committee of unsecured creditors has been appointed to serve in this reorganization case.

3. By this Motion, the Debtor requests that this Court authorize it to use certain cash and cash equivalents that allegedly serve as collateral for claims asserted against the Debtor and its property by The PrivateBank and Trust Company ("Lender").

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334.

5. This matter constitutes a "core" proceeding within the meaning of 28 U.S.C. Section 157(b)(2)(A), (M) and (O).

6. The statutory predicates for the relief requested in this Motion are Section 363 of the Bankruptcy Code and Rule 4001(b) of the Federal Rules of Bankruptcy Procedure.

**Relevant Factual Background**

7. The Debtor is an Indiana limited liability company that is the owner and operator of a commercial shopping center located in Merrillville, Indiana known as "Century Plaza" ("Property").

8. The Property is comprised of two (2) segments of retail shopping center space and is located at 8227 West Broadway, Merrillville, Indiana. The first segment of the Property encompasses approximately 25 acres that constitutes 158,000 square feet of retail space that is occupied by seventeen (17) operating tenants. The occupancy rate for this first segment of the Property is 98%. The second segment of the Property also encompasses approximately 25 additional acres and includes a 140,000 square foot building that was previously occupied by Burlington Coat Factory.

9. The Debtor's operational and profitability problems are principally due to the general economic problems facing this country over the last several years (particularly in real estate). Despite these issues, the Debtor generates substantial rental income at the Property and has developed alternative exit strategies from this Chapter 11 case.

10. On or about September 9, 2011, the Lender filed its complaint for breach of contract, foreclosure and appointment of receiver against the Debtor ("Foreclosure Action"). In conjunction with the Foreclosure Action, the Lender is seeking the appointment of a receiver for the Property.

11. The Debtor has attempted, without success, to engage the Lender in a discussion over a restructuring of the underlying mortgage indebtedness.

12. Based upon the underlying loan documents of the Lender, the cash collateral issues in this Chapter 11 case relate to the rents generated at the Property and the funds on deposit in account(s) maintained by the Debtor.

13. The Debtor presently has two (2) options for the reorganization of the Property. These options include either a sale of the second segment of the Property or a redevelopment of the second segment to accommodate a major tenant. In the event the Debtor sells the second segment of the Property, the proceeds of such sale would be used to make a substantial pay down of the principal mortgage indebtedness due to the Lender with the remaining mortgage balance due to the Lender being restructured based upon current market rates and terms. In the event such a sale is not accomplished, the second segment of the Property will be redeveloped to accommodate a new major supermarket tenant under a long term lease which would provide a further basis for the restructuring of the mortgage indebtedness due to the Lender.

## Use of Cash Collateral

14. The Lender asserts a senior position mortgage lien and claim against the

Property which purportedly secures a senior mortgage indebtedness of approximately $21,600,000.00. In addition to its mortgage liens on the Property, the Lender asserts a security interest in and lien upon the rents being generated at the Property.

15. In order for the Debtor to continue to operate its business and manage its financial affairs, and effectuate an effective reorganization, it is essential that the Debtor be authorized to use cash collateral for, among other things, the following purposes:

- A) Maintenance and Repairs;
- B) Insurance;
- C) Utilities;
- D) Real estate taxes;
- E) Real estate management fees;
- F) Other miscellaneous items needed in the ordinary course of business.

Attached to this Motion as **Exhibit A** are the Debtor's monthly cash flow projections for the period October 19, 2011, through December 31, 2011, (the "Budget") for the Property. This Budget itemizes the Debtor's cash needs during the relevant period.

16. Use of cash collateral to pay the actual, necessary and ordinary expenses to maintain the Debtor's business and Property, as set forth in the Budget, will preserve the value of the Debtor's assets and business and thereby ensure that the interests of creditors that have or may assert an interest in both cash collateral and the Debtor's other assets are adequately protected within the meaning of Sections 361, 362 and 363 of the Bankruptcy Code.

17. The Debtor proposes, subject to the approval of this Court, to use cash

collateral in which the Lender asserts an interest. The Debtor's proposal will permit the Debtor to sustain its business operations and reorganize its financial affairs through the implementation of a successful plan of reorganization. Furthermore, the Debtor's proposal will adequately protect the purported secured interests of the Lender.

18. Unless the Debtor is authorized to use cash collateral in which the Lender asserts an interest, the Debtor will be unable to continue to operate its business and manage its property, thereby eliminating any reasonable prospect for a successful reorganization. The cessation of normal business operations by the Debtor will cause irreparable harm to the Debtor, its creditors and this estate.

19. The Debtor proposes to use cash collateral and provide adequate protection to the Lender upon the following terms and conditions:

    A. The Debtor will permit the Lender to inspect, upon reasonable notice, within reasonable hours, the Debtor's books and records;

    B. The Debtor shall maintain and pay premiums for insurance to cover all of its assets from fire, theft and water damage;

    C. The Debtor will maintain sufficient cash reserves for the payment of current real estate taxes when such real estate taxes become due and payable;

    D. The Debtor shall, upon reasonable request, make available to the Lender evidence of that which purportedly constitutes its collateral or proceeds; and

    E. The Debtor will properly maintain the Property in good repair and properly manage such Property;

20. Further cash flow budgets, if necessary, will be submitted to this Court pursuant to this Motion. The Debtor will make the expenditures set forth on Exhibit A to this Motion plus no more than 10% of the total proposed expense payments, unless

otherwise agreed by the Lender or upon further Order of this Court. Furthermore, any expenses that are budgeted for payment in one month but are not paid in such month shall be carried over for payment in subsequent months.

## Conclusion

21. The Debtor requests, pursuant to Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedure, that this Court conduct a preliminary hearing to authorize the Debtor's interim use of cash collateral pending a final hearing on this Motion.

22. The Debtor believes that it is in the best interests of the Debtor, its creditors, and this estate to authorize it to use that portion of its cash, all or a portion of which may constitute cash collateral, in that, without the limited use of such cash as herein requested, the Debtor will be unable to pay and satisfy its current operating expenses thereby resulting in immediate and irreparable harm and loss to the Debtor and its estate.

23. For the reasons set forth herein, this Court should grant the relief requested in this Motion.

WHEREFORE, CENTURY PLAZA LLC, an Indiana limited liability company, as Debtor/Debtor-in-Possession herein, prays for the entry of an Order as follows:

A. Authorizing the Debtor to use cash collateral in which the Lender asserts liens, upon the terms and conditions set forth in this Motion, until further Order of this Court;

B. Preliminarily authorizing the Debtor to use cash collateral pending a final

hearing on this Motion;

C.  Setting a final hearing on this Motion; and

D.  Granting such other relief as this Court deems just and appropriate

CENTURY PLAZA LLC, an Indiana limited<br>
liability company, Debtor/Debtor-in-Possession<br><br>
By: /s/David K. Welch<br>
One of its Attorneys

**DEBTOR'S COUNSEL:**
David K. Welch, Esq.
(Atty. No. 06183621)
Arthur G. Simon, Esq.
(Atty. No. 03124481)
Jeffrey C. Dan. Esq.
(Atty. No. 06242750)
Crane, Heyman, Simon, Welch & Clar
135 South LaSalle Street, Suite 3705
Chicago, IL 60603
TEL: (312) 641-6777
FAX: (312) 641-7114
W:\GRACE\Century Plaza\Cash Collateral.MOT.wpd

Richard E. Anderson
(Atty. No. 2408-45)
Michael E. Anderson
(Atty. No. 26001-45)
Anderson & Anderson, P.C.
Barrister Court
9211 Broadway
Merrillville, IN 46410
TEL: (219) 769-1892
FAX: (219) 769-1107

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

IN RE:                                         )
                                               )   Case No. 11-24075
CENTURY PLAZA LLC,                             )   Chapter 11
an Indiana Limited Liability Company           )   Judge J. Philip Klingeberger
                                               )
        Debtor/Debtor-in-Possession.           )

## CERTIFICATE OF SERVICE

STATE OF ILLINOIS    )
                     )
COUNTY OF COOK       )

      The undersigned, being first duly sworn on oath deposes and states that he caused a copy of the attached Motion for Authority To Use Cash Collateral And For Related Relief with attached Order to be served by electronic mail and first class mail, postage pre-paid, to the names and addresses listed on the attached Service List on the 18th day of October 2011.

                                                                  /s/David K. Welch

**DEBTOR'S COUNSEL**:
DAVID K. WELCH, ESQ.,
(Atty. No. 06183621)
ARTHUR G. SIMON, ESQ.
(Atty. No. 03124481)
JEFFREY C. DAN, ESQ.,
(Atty. No. 06242750)
CRANE, HEYMAN, SIMON, WELCH & CLAR
135 S. LaSalle St., Suite 3705
Chicago, IL 60603
(312) 641-6777

Richard E. Anderson
(Atty. No. 2408-45)
Michael E. Anderson
(Atty. No. 26001-45)
Anderson & Anderson, P.C.
Barrister Court
9211 Broadway
Merrillville, IN 46410
TEL: (219) 769-1892
FAX: (219) 769-1107

## SERVICE LIST

Alexander L. Edgar
Office of the United States Trustee
555 One Michiana Square
100 E. Wayne Street, Suite 555
South Bend, IN 46601
Alexander.L.Edgar@usdoj.gov

Richard E. Anderson
Michael E. Anderson
Anderson & Anderson, P.C.
Barrister Court
9211 Broadway
Merrillville, IN 46410
randerson@andersonandandersonpc.com

David K. Randich
Jennifer Kalas
John R. Terpstra
Hinshaw & Culberston LLP
322 Indianapolis Blvd., Suite 201
Schererville, IN 46375
dranich@hinshawlaw.com

William Connelly
Hinshaw & Culberston LLP
222 N. LaSalle Street, Suite 300
Chicago, IL 60601
wconnelly@hinshawlaw.com